WEIMER, J.,
concurring.
hi concur in the majority opinion, but write to underscore an important distinction in the jurisprudence regarding the retroactivity of federal judicial precedents. Although the Court’s holding in Mennonite [1] (requiring notice of a pending tax sale) does not support nullification of the 1925 tax sale at issue in this case, that is not to say this court does not recognize that Mennonite has retroactive application. Instead, this court is required to recognize the “fully retroactive” binding federal precedents, and I believe the majority opinion, to which I ascribe, has done so.
How does recognizing the “fully retroactive” 1983 United States Supreme Court ease in Mennonite square with the refusal to nullify a 1925 tax sale, which from all appearances may not have complied with the rule of law announced in Mennonite 1 What I believe bears further clarification, is that the term “fully retroactive,” as used in Beam,[2] and the term “full retroactive effect” as used in Harper;[3] appear to be unfortunate misnomers. When the' Court introduced the term | ¿‘fully retroactive” in Beam, it did so to contrast retroactivity from two other situations, namely: 1) announcing a new rule of law, but currently applying the old rule (“purely prospective” application of the rule as the Court described); and 2) announcing and applying a new rule to the parties before the Court, but announcing the rule’s prospective application only for other parties (“modified, or selective, prospectivity” as the Court described). Beam, 501 U.S. at 535-37, 111 S.Ct. 2439. However, even “fully retroactive” was never suggested to be unlimited. Instead, the Court indicated “fully retroactive” must be applied “consistent with res judicata and procedural barriers such as statutes of limitations,” and “retroactivity in civil cases must be limited by the need for finality ...; once suit is barred by res judicata or by statutes of limitation or repose, a new rule cannot reopen the door already closed.” Beam, 501 U.S. at 535, 541, 111 S.Ct. 2439 (citation omitted). In Harper, while recognizing Beam resulted in a plurality opinion, the Court nevertheless found “Beam controlling];” therefore, the Court’s use of the term “full retroactive effect” in Harper appears to be simply part of the rule the Court recognized in Beam. See Harper, 509 U.S. at 96-97, 113 S.Ct. 2510.
What the instant case best illustrates, then, is no amount of retroactivity, full or *222 otherwise, can revive an expired claim. Petitioners point to a number of legal principles applicable after the 1925 tax sale and before the 1983 ruling in Mennonite, which would cause respondents’ claim for annulling the tax sale to have expired. This court has applied one principle, the peremptive limitations period in Article X, § 11 of the 1921 Louisiana Constitution and determined respondents’ claim expired long ago.
What this case does not illustrate, therefore, simply because the facts are not presented, is having a binding federal precedent that directs a different result than would be obtained under state law. However, when a claim is not expired or | sotherwise barred, full retroactivity of a binding federal precedent may well direct a different result for that claim than would be obtained under state law.

. Mennonite Board of Missions v. Adams, 462 U.S. 791, 799, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

. James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 535-36, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).

.Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).